

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,796-13

### EX PARTE THOMAS LAWRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20160D00857-34-3 IN THE 34TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of credit card or debit card abuse and sentenced to 2 years' imprisonment in State Jail. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that TDCJ is not applying the pre-sentence time credit specified in the Third Nunc Pro Tunc Judgment. He asserts that, if TDCJ applied this credit, his sentence would have discharged. Applicant further alleges that he is being denied diligent participation credit. Applicant has alleged facts that, if true, might entitle him to relief. TEX. CODE CRIM. PROC. arts. 42.03, 42A.559, 42.0199. Accordingly, the record should be developed. The trial court is the

appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall include Applicant's sentence begin date, the pre-sentence jail time that has been awarded him in this cause, and his maximum discharge date. The response shall also state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by Section 501.0081(b) of the Government Code. The trial court shall then make findings and conclusions as to whether Applicant is receiving credit for his pre-sentence jail time as listed on his judgment. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 12, 2021
Do not publish